IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
LTC RISK MANAGEMENT, LLC,            : CASE NO.  1:06 CV 0327
                                     :
                      Plaintiff,     :
                                     :
           -vs-                      :
                                     :
RMA BROKERAGE, LLC dba CAITLIN-      :
MORGAN INSURANCE SERVICES, et        :
al,                                  :
                                     : MEMORANDUM OF OPINION AND
                      Defendants.    : ORDER OF REMAND
                                     :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff, LTC Risk Management, LLC ("LTC") commenced this suit in state court against RMA Brokerage, LLC dba Caitlin-Morgan Insurance Services ("Caitlin-Morgan"), Indiana Provider Coalition, Inc. ("IPC"), and Midwest Insurance Group, Inc., a Risk Retention Group ("Midwest").  (Docket No. 1).  In a three-count complaint, LTC leveled a breach of contract claim against Caitlin-Morgan, and fraud and unjust enrichment claims against Caitlin-Morgan, IPC and Midwest.  (Docket No. 1, Exhibit B).  LTC alleges that pursuant to the terms of an Administrative Services Agreement with Caitlin-Morgan, the plaintiff was to provide specific loss control and claim adjustment

management services. LTC also alleges that at the request of Sean Murray, President of Caitlin-Morgan, IPC and Midwest, and separate from the Agreement, LTC provided its services to the latter two concerns, IPC and Midwest, and continued to perform its services on behalf of IPC and Midwest with the expectation that it would be compensated. According to the complaint, Sean Murray formed and managed both IPC and Midwest.

Defendants removed the matter to this Court, predicated on diversity, and LTC subsequently raised the issue of the Court's jurisdiction by motioning for remand. 28 U.S.C. §§ 1332(a)(1), 1441(a) & (b), 1447. (Docket Nos. 1, 10). Defendants responded to the call for remand by alleging fraudulent joinder and, separately, moved the Court to dismiss LTC's fraud and unjust enrichment claims against IPC on the merits. (Docket Nos. 5, 6, 8, 13). LTC filed a reply to its motion to remand (Docket No. 14), and responded to the defendants' motions for dismissal (Docket Nos. 15, 16). Defendants offered replies to LTC's opposition to dismissal on the merits (Docket Nos. 18, 19) as well as a motion to seal an already filed exhibit. (Docket No. 20). Finally, LTC moved to supplement its motion to remand (Docket No. 21), to which the defendants filed a response. (Docket No. 22). The jurisdictional issue is ripe for consideration.

The Court has diversity jurisdiction where the amount in controversy is met and the action is between citizens of different states. For complete diversity to exist no parties, adverse to one another, may be citizens of the same state. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir.1999) (noting that complete diversity of citizenship must exist "both at the time that the case is commenced and at

the time that the notice of removal is filed"); Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 664 (6th Cir.2004). In this instance, LTC seeks in excess of $585,000 dollars from the defendants. (Docket No. 1, Exhibit D). Accordingly, the threshold amount in controversy is met. The parties do not dispute, however, that defendant IPC is an Ohio Corporation and plaintiff LTC is an Ohio Limited Liability Company. (Docket Nos. 1, 10, 13, 14).

Whether complete diversity exists, in this instance, turns on whether the defendants can show that LTC's joinder of IPC should be stricken as fraudulent. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Jerome-Duncan, 176 F.3d at 907 (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)). Upon examination of the record and the law, the Court finds the defendants have failed to establish fraudulent joinder. Accordingly, as this matter lacks complete diversity between the adverse parties, the Court lacks subject matter jurisdiction and, upon that basis, remands the action to the Cuyahoga County Court of Common Pleas.

Federal Courts have employed the doctrine of fraudulent joinder to thwart the tactic, employed by claimants, of joining non-diverse parties as a means of frustrating diversity jurisdiction. E.g., Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907). Establishing that joinder of a party is "fraudulent" requires no proof of the plaintiff's actual motive, as fraudulent joinder is determined solely on the basis of the claims. See 16 Moore's Fed. Prac. § 107.14[2][c] (noting that "[t]he term 'fraudulent joinder' is a bit misleading because it requires neither a showing

3

of fraud nor joinder in one sense"). Rather, the thrust of the inquiry is whether plaintiff had "at least a colorable cause of action against [the non-diverse defendant]" in the Ohio state courts. Jerome-Duncan, 176 F.3d at 907 (citing Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994)).

The removing party bears the burden of proving that the plaintiff lacks a colorable claim against the non-diverse defendant. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.1999); Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999). Fraudulent joinder is a narrowly construed exception to the requirement of complete diversity; consequently, any uncertainty as to a colorable claim is resolved in favor of remand. Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir.2006); Coyne, 183 F.3d at 493.

The question before the Court is not whether LTC will prevail at trial on its claims against IPC, or whether the Court believes that IPC was joined to defeat diversity. See Jerome-Duncan Inc., 176 F.3d at 907 (holding that a plaintiff's motive in joining a non-diverse defendant is "immaterial to our determination regarding fraudulent joinder"). Instead, the question is whether, resolving all ambiguities in favor of LTC, the defendants have shown there is no colorable basis for predicting LTC could prevail against the non-diverse IPC in state court. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (deeming an action "colorable" if it is reasonable, but speculative, that liability might be imposed by a state court upon the defendant under

4

the facts alleged); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3rd Cir. 1992) (where any possibility exists that a state court would find the complaint states a cause of action, the Court deems the action "colorable").

Defendants face a high threshold for showing fraudulent joinder. Indeed, several courts have noted the standard for a defendant to show fraudulent joinder is higher than the standard for succeeding on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Little v. Purdue Pharma, L.P., 227 F.Supp.2d 838, 845-46 (S. D. Ohio 2002) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir.1999); Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir.1992)). "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6)." Id. at 846.

Several motions are currently pending in this action. However, as an initial matter, the Court addresses LTC's motion to remand. "A motion questioning subject matter jurisdiction must be considered before other challenges…." Martin v. Voinovich, 840 F.Supp. 1175, 1185 (S. D. Ohio 1993). The Court may not reach a merits analysis on LTC's claims where it lacks subject matter jurisdiction, and the standard for determining the Court's jurisdiction, the determination of fraudulent joinder, is more deferential toward the plaintiff than would be the merits analysis the defendants have asked the Court to perform in this matter. Accordingly, for reasons of law and efficiency, the Court will leave the defendants' motions to dismiss and for judgment on the pleadings until after it has addressed LTC's motion to remand.

5

To decide whether the non-diverse defendant, IPC, have been fraudulently joined, the Court must address whether the complaint states sufficient facts to sustain a claim against IPC under Ohio law.

In Count III of its complaint, LTC brings a claim of unjust enrichment against all defendants.  Unjust enrichment is an equitable doctrine in Ohio which "operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another."  Turner v. Langenbrunner, App. No. CA2003-10-099, 2004-Ohio-2814 (12th Dist. 2004) at ¶ 38.  To be legally cognizable, unjust enrichment requires "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment."  Hambelton v. R.G. Barry Corp., 12 Ohio St. 3d 179, 183, 465 N.E. 2d 1298 (1984).

Turning to the complaint, the plaintiff alleges LTC and Caitlin-Morgan entered into an Administrative Services Agreement in 2002.  Compl. at ¶ 7.  As alleged, neither IPC nor Midwest were part of that Agreement, though LTC did provide certain administrative services related to loss control and claim adjustment to both IPC and Midwest, of which both defendants were aware or should have been aware.  ¶¶ 8, 10, 40.  LTC alleges all three defendants were inextricably intertwined by common ownership and control.  LTC further alleges that IPC retained those benefits imparted by LTC.  ¶ 42.  LTC may seek, as it does here, compensation for breach of contract against Caitlin-Morgan, and an equitable quasi-contractual remedy against IPC and Midwest.  The Court finds LTC has made a colorable claim of unjust enrichment against

6

IPC in alleging that LTC conferred a benefit upon IPC and Midwest, separate and apart from the contractual Agreement between itself and Caitlin-Morgan, by specific administrative services for defendants IPC and Midwest which they knew or should have known provided a benefit.

In Count II of its complaint, LTC alleges fraud against all defendants. Pursuant to Ohio law, a plaintiff may allege a claim of fraud where the defendant has made,

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

Russ v. TRW, Inc., 59 Ohio St. 3d 42, 49, 570 N.E. 2d 1076 (1991).

Turning to the Complaint in this matter, LTC has alleged the fraud perpetrated by IPC occurred through Sean Murray, the owner and operator of IPC, Midwest and Caitlin-Morgan. ¶¶9, 12-13, 28-37. LTC alleges the fraud occurred both at the time of the execution of the Agreement forward, when Mr. Murray represented the defendants would compensate LTC for its services; a representation upon which LTC allegedly materially relied in continuing to provide services to the defendants. ¶¶ 29-31. LTC alleges injury from 's false representations. The Court finds LTC has made a colorable claim of fraud against IPC, adequately stating the circumstances constituting fraud pursuant to Ohio law and Fed. R. Civ. P. 9(b). Aluminum Line Products Co. v. Brad Smith Roofing Co., Inc., 109 Ohio App. 3d 246 (1996).

**CONCLUSION**

The burden of proving fraudulent joinder is a heavy one, and the defendants have not met the demands of that burden. In its complaint, LTC states colorable claims for fraud and unjust enrichment against the non-diverse IPC under Ohio state law. Pursuant to the Court's Order of Remand, this matter is returned to the Cuyahoga County Court of Common Pleas.  The Court lacks the jurisdictional capacity to rule on the remaining motions and they are, accordingly, dismissed without consideration.

IT IS SO ORDERED.

                                              /s/ Lesley Wells
                                    UNITED STATES DISTRICT JUDGE

Dated: 18 September 2006